RECEIVED IN
COURT OF CRIMINAL APPEALS

FEB 23 2015

82,763-01

CAUSE NO.114-0163-13-A

EX PARTE                                    § IN THE COURT OF CRIMINAL APPEALS
                                            § OF AUSTIN,TEXAS
ROBERT JAMES WILLIAMS                       §
            Applicant                       §

APPLICANT'S REPLY AND OBJECTIONS TO THE STATE'S SUPPLEMENTAL ANSWER TO APPLI-
CATION FOR WRIT OF HABEAS CORPUS,RESPONSE OF A.M.THOMPSON,J.R.TO APPLICANT'S
ORIGINAL APPLICATION FOR POST CONVICTION WRIT OF HABEAS CORPUS,...AND THE TRI-
AL COURT'S,WRIT OF HABEAS Corpus:FINDINGS OF FACT AND CONCLUSIONS OF LAW.

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

COMES NOW,ROCERT JAMES WILLIAMS,and files this Applicant's Reply and Object-
ions to the STATE'S SUPPLEMENTAL ANSWER TO APPLICATION FOR WRIT OF HABEAS CO-
RPUS RESPONSE OF A.M.THOMPSON,J.R. TO APPLICANT'S ORIGINAL APPLICATION FOR
POST CONVICTION WRIT OF HABEAS CORPUS.....AND TRIAL COURT'S WRIT OF HABEAS
CORPUS:FINDINGS OF FACT AND CONCLUSIONS OF LAW.In support thereof,Applicant
will show the following:

I.HISTORY OF CASE AND FACTS

The Applicant,Robert J.Williams,was indicted in Cause No.114-0163-13,filed
in the 114th District Court of Smith County,Texas,with the offense of felony
Driving While Intoxicated.However,on April 22,2013,Applicant, unknowingly and
involuntarily entered his guilty plea to Driving While Intoxicated("D.W.I."),
due to counsel's failure to investigate,and trial counsel's coercion by his
continued warnings that Applicant would definitely receive a life sentence if
he proceeded to jury trial,his failure to pursue the lack of procedural in-
vestigative methods by state police,failure to build a foundation for Applic-
ant's defense,based on the absence of a suppression hearing regarding evidence
of inadmissible hearsay.

II.APPLICANT'S RESTATED ALLEGATIONS

Applicant complains of four seperate grounds for relief:
(1) APPLICANT CONTENDS THAT HE UNKNOWINGLY AND INVOLUNTARILY PLED GUILTY TO A
DRIVING WHILE INTOXICATED CHARGE.

APPLICANT'S REPLY AND OBJECTIONS TO TRIAL COURT'S COUNTERPOINT ONE:

a.Though trial counsel states a contradiction to the record fact that Applic-
ant admitted to him that he smoked P.C.P.,but he was fine when he left his
girlfriend's house,cannot reasonably be believed because this would be inco-
nsistent with the record fact of the arresting officer stating in his report
that he investigated the Applicant's behavior and his apparent denial to the
taking of any drugs whatsoever,is illustrated by the officer's continued ac-

-1-

tions of finding it necessary to have to call the Applicant's uncle,Ronnie Von,and his attempt to have the blood draw nurse to retrieve the Applicant's blood.These evident actions from the police would contradict why the alleged admission that the officer claimed the Applicant stated that he had been using P.C.P.,because it would have not been necessary,reasonably,had the the police properly obtained the Applicant's confessed statement in accordance with Texas Code of Criminal Procedure,under article 38.22 §(3).

b.Also,the trial counsel's claim that the Applicant advised him that he had been getting high earlier on P.C.P.,has to be a fabrication on the trial counsel's part because if this admission by th Applicant were true,there would not have been any reason for further police investigation nor for the police to consult with the Applicant's uncle on the subject,if the Applicant really did confess to using drugs at the time he was at his girlfriends.Moreover,the Applicant's rights to legal confidentiality between attorney and client would be violated by the trial counsel's allegation,in his affidavit,that Applicant told him he used P.C.P. on the day of his charged D.W.I.,would equally illustrate the trial counsel's believability to this non-evident fact,since the trial counsel claimed he filed a motion to suppress this same alleged statement.(See page 36 from the Supplemental Writ of Habeas Corpus record,filed and forwarded by Lois Rogers,the Smith County District Clerk.).

Applicant,disagrees with the State's conclusion,that he knowingly and voluntarily pled guilty to D.W.I.(Also,see Applicant's"A",on pages 35-29.)Ex parte Reedy,S.W.3d at 494-495,and Herring v.Estelle,491 F.2d 125(5th Cir.1970).
[NOTE:The Applicant's **WAIVER OF MOTION FOR NEW TRIAL AND MOTION IN ARREST OF JUDGMENT AND WAIVER OF RIGHT TO APPEAL**,is not signed by the presiding judge. See page 52 from the Supplemetal Writ of Habeas Corpus record.]
(2) APPLICANT CONTENDS THAT NO EVIDENCE EXISTS TO CORROBORATE WITH HIS CONVICTION FOR DRIVING WHILE INTOXICATED.
**APPLICANT'S REPLY AND OBJECTION TO TRIAL COURT'S COUNTERPOINT TWO:**
Applicant disagrees that his"NO EVIDENCE"claim should be denied as the trial court suggests.The trial court is misconstruing the Applicant's claim that his no evidence claim to show no support of a D.W.I.charge is a legal sufficiency claim instead of the cognizable claim of"no evidence".However,the state is continuing to rely on the hearsay evidence from the arresting officer's allegation,which is contrary to article 38,23 §(a),and is a circumstantial evident non-fact,whereas,there is"no evidence"nor a temporal link from any scientific tangible proof that transcends mere suspicion.Therefore,this false used mat-

-2-

erial non-proven fact cannot be reasonably inferred from the officer's allegation that the Applicant confessed to using P.C.P.,because the officer also stated that the Applicant was cooperating with him,so the arresting officer had every oppurtunity to properly obtain the alleged evident statement,either by video or audio recording,or even simply requesting that the Applicant sign his name to a stated confession.Further,the State's inferences are that since the Applicant crashed his vehicle into several cars that this was a result from P.C.P.,although the circumstances of this inference is an unknown fact. What is unreasonable is the Applicant's actions are not reasonably consistent with a person under the influence of P.C.P.(There was no evidence of halucinations,usually associated with P.C.P. use.).

Although,the law does allow circumstantial evidence to be used as a material fact,so long as it transcends mere suspicion,the material fact must be reasonably inferred from known circumstances,but may not be proved by unreasonble inferences from other facts and circumstances or by piling inference upon inference.

The no evidence standard in Thompson v.Louisville,362 U.S.199,ensured the due process right from a wholly arbitrary deprivation of liability.The question in Thompson,is the same question raised in the instant case,by Applicant,was not the sufficiency of the evidence,but whether the conviction"rested upon any evidence at all."The Thompson Court held that a criminal conviction could not be sustained based upon a record that contained"no evidence"of the charged offense.Applicant objects to the trial court and the trial counsel's response from his affidavit(Attachment 1-Affidavit of Mr.Melvin Thompson,at 3-4.),because the arresting officer's failure to obtain the alleged evident confession piled on top of the inference of the Applicant's actions were more consistent with injury than it was with a person under the influence of P.C.P.Kuciemba, 310 S.W.3d at 462-463,in relevant part to the State's failure to show a temporal link between driving and intoxication when a defendant is charge with driving while intoxicated.(See also,Honeycutt v.State,499 S.W.2d 662,(Tex. Crim.App.1973).

Furthermore,the trial court is relying,also on the Applicant's signing of the judicial confession,as evidence.However,in light of the fact that the Applicant and the trial counsel's statement that the Applicant was coerced into waiving his jury trial,whereby,it was shown,similarly in Herring v.Estelle,491 F.2d 125(5th Cir.1970),like in the case at bar,where in Herring,filed a post-conviction application for a writ of habeas was filed under Texas Code Crim.P=

-3-

roc.Ann.art.11.07,by an applicant who pled guilty to capital murder.Though the Criminal District Court No.Three of Tarrnat County,Texas recommended his allegations be dismissed because,as part of his plea agreement,he waived his right to seek state post conviction habeas corpus relief,in exchange for the State's agreement not to seek the death penalty Waiver of post conviction habeas corpus relief by applicant seeking habeas corpus under Tex.Code Crim.Proc.Ann.art .11.07,was not enforcable as he claimed he had no choice but to accept the plea bargain because of deficiencies of trial counsel in investigating and preparing a viable defense unknowingly and unintelligently.However,the court remanded the writ application to the convicting court to determine whether the applicant's claim of ineffective assistance of counsel presented controverted ,previously unresolved facts material to the legality of the applicant's confinement.If so,the convicting court should proceed to a resolution of those appropriate unresolved facts in accordance with Tex.Code Crim.Proc.Ann.art icle 11.07 §,3(d).See Ex parte Perales,215 S.W.3d at 419(Tex.Crim.App.2004), in relevant part to no evidence being a cognizable 11.07 claim and Ex parte Coleman,559 S.W.2d 305,307(Tex.Crim.App.1978).

(3) TRIAL COUNSEL WAS INEFFECTIVE,THEREFORE,CAUSING APPLICANT TO ENTER AN INVOLUNTARY PLEA.

**APPLICANT'S REPLY AND OBJECTION TO TRIAL COURT'S COUNTERPOINT THREE:**

a.Though trial counsel erroneously reasons that his failure to investigate the arresting officer in order to dispute the fact that no smell of alcohol compounded with the absence of any test being conducted to illustrate P.C.P.was the cause of Applicant's actions,that it was in all likelihood,what led to officer's decision to obtain a blood sample.This conclusion by trial cpunsel and the trial court undermines the confidence in the Applicant's conviction and plea,because had the trial counsel built a defensive foundation by an independent investigation of the evidence from the Applicant's statement of facts rather than deficiently drawing conclusions from what the officer's intentions likely were,pursuing a defense from the fact that if Applicant was cooperative and willingly confessing to the intake of P.C.P.,any video/audio,or signed statement should have been obtained and would have been satisfactory to prove the charge and the need for the blood draw,after the alleged confession is unnecessary and unreasonable in light of the evident circumstances.

b.Combined with the above mentioned facts in a.trial counsel had an obligation to independently investigate Ola S.Darks,the blood draw nurse,after the Applicant informed the trial counsel of the cotrivance of the police instructing

-4-

nurse Darks,to dispose of the little bit of blood that was retrieved.

c.Though the record demonstrates that a suppression motion by trial counsel was drawn up concerning the suppression of the alleged confession by the Applicant that he told the arresting officer that he used P.C.P.on that particular day,but absent any legally obtained evidence,the trial counsel admits that he continued to prepare for the Applicant's case for trial and that on March 25th,2013,he filed pretrial motions,allegedly including the Applicant's Appendix"A",a copy of the motion to suppress,but with no March 25,2013,date on it and no stamp by the clerk that the motion was filed and nor does the trial counsel or the court support its illustration by the clerk's record,that the suppression motion hearing was pusued by the trial counsel,whereas countering the Applicant's claim in this context.Therefore,compounding the trial counsel's coercion that the Applicant would receive a life sentence if he proceeded to a jury trial and the incompleted independent investigation of facts from the trial counsel's and state police,in determining the Applicant's charge,caused the Applicant to enter an unknowingly,unintelligent plea of guilt. See United States v.Streeter,70 F.3d 1314(D.C.Cir.1995).

Applicant objects to the trial court's conclusion that this Applicant's THIRD GROUND ,should be denied,and requests that the habeas court grants him relief.

(4) APPLICANT WAS DENIED DUE PROCESS WHEN THE STATE'S INVESTIGATIVE PROCEDURES WERE UNFUNDAMENTALLY EXCLUDED FROM DETERMINING APPLICANT'S DRIVING WHILE INTOXICATED CHARGE.

**APPLICANT'S REPLY AND OBJECTION TO TRIAL COURT'S COUTERPOINT FOUR**

Applicant disagrees with the state trial court's failure to respond to the Applicant's claim of lack of the proper state investigation, by its erroneous allegation,that the Applicant's ground is without merit.However,it is clearly apparent that any reasonabe arresting police officer,first being presented with a voluntary confession,such as the alleged,but no evident admission by the Applicant that he used P.C.P.,causing the Applicant's charge and conviction,that should have been obtained through a fundamental police investgative procedure of a signing the statement to his alleged admission or video and/or audio taping the Applicant's cooperative confession,whereby,adhereing to the law in this context,therefore,satisfying the legislature's intentions that require state invesigator's to do in obtaining proper evidence in order to prevent reasonable doubt and questions of fact.Ex parte Bradley ,781 S.W.2d at 904,Dispensia v.Lynaugh,847 F.2d 211,218(5th Cir.1988)and Fost-

er v.California,394 U.S.440.

## III.CONCLUSION

WHEREFORE,PREMISES CONSIDERED,the Applicant prays that the Court find that there are controverted,previously unresolved facts that are materially valuable to the legality of Applicant's confinement and that there is a necessity for a fact-finding hearing because there is ample evidence in the record for the Court to rule on the relief sought by the Applicant,therefore,granting him relief on his habeas corpus writ.

Respectfully submitted,

Robert James Williams"1855741

Coffield Unit

2661 FM 2054

Tennessee Colony,Texas 75884

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the Applicant's Reply and Objection to the trial counsel and trial court's answers and recommendations to the Applicant's writ of habeas corpus,is true and correct and mailed U.S.postage pre-paid to the Clerk of the Court of Criminal Appeals of Texas,at P.O.Box 12308,Capitol Station,Austin,Texas 78711 and the District Clerk of Smith County at 100 N. Broadway #204,Tyler,Texas 75702.

Executed on this 17th day of February,2015.

Robert Williams#1855741